UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
PETER McCLUSKEY,

                               Plaintiff,

      - against -

SAMUEL SPITZBERG, Director, Office of Temporary
and Disability Assistance, in his Individual Capacity, *et al.*,

                               Defendants.
------------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
19-CV-7060 (RRM) (ARL)

ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      On December 17, 2019, plaintiff Peter McCluskey, proceeding pro se, filed this civil rights action against Samuel Spitzberg, the Director of the New York State Office of Temporary Assistance ("OTDA"); the OTDA; three Supervisory Hearing Officers and a Hearing Officer employed by the OTDA; and an Assistant Attorney General (collectively, "Defendants"). (Compl. (Doc. No. 1).) Defendants – all of whom are represented by the same attorney – did not answer the complaint but sought and obtained the Court's permission to move to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants served that motion on McCluskey via overnight mail on January 21, 2020. (Affidavit of Helen Orlowski (Doc. No. 12) at 32.)[1]

      On February 10, 2020, shortly before he responded to Defendants' motion, McCluskey served Defendants via regular mail with a motion to amend his complaint. (*See* McCluskey's Affirmation of Service (Doc. No. 15-3).) That motion included a two-page memorandum of law, (Doc. No. 15-1), which explained that McCluskey wished to add a seventh cause of action, and a

---

[1] In citing to page numbers, the Court will use the page numbers assigned to the document by the Court's Electronic Case Filing system.

proposed amended complaint, (Doc. No. 15-2), which included that cause of action.  The motion was received by the Court on February 12, 2020, and filed that same day.  For reasons which are unclear, McCluskey's motion papers were subsequently refiled by Defendants (Doc. 18), together with Defendants' Opposition to Plaintiff's Motion to File an Amended Complaint (Doc. 18-1).

In late April 2020, McCluskey filed a motion for a preliminary injunction "to amend state Regulation 18 N.Y.C.R.R. 387.12(c) and the Application Form LDSS-4816 so as to comply with federal law."  (Notice of Motion (Doc. No. 19) at 2.)   In early June 2020, McCluskey filed a document entitled, "Plaintiff's Preliminary Injunction Reply to Defendant's [sic] Opposition."  (Doc. No. 19.)  However, Defendants' opposition to McCluskey's motion for a preliminary injunction was never filed with the Court.

## DISCUSSION

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Service of a motion by mail is effective on the date of mailing. Fed. R. Civ. P. 5(b)(2)(C).  However, the deadlines for a party upon whom service is made by mail are extended by three days. *Id.* 6(d).  This means that a plaintiff has 24 days from the date on which a Rule 12(b)(6) motion is mailed in which to amend the complaint as a matter of course.  *See Dudla v. P.M. Veglio, LLC*, No. 13-CV-0333 (LEK) (RFT), 2014 WL 799967, at *1 (N.D.N.Y. Feb. 28, 2014).

In this case, Defendants served their Rule 12(b)(6) motion on January 21, 2020.  McCluskey filed an amended complaint with the Court on February 12, 2020 – 22 days later.

Although the amended complaint was attached to a motion to amend the pleadings, McCluskey did not need to file the motion; he was entitled to amend his complaint as a matter of course. Accordingly, the Court will not consider McCluskey's motion to amend the complaint but will deem the amended complaint attached to that motion as the operative pleading in this action. Since the original complaint has been amended, Defendants' motion to dismiss the original pleading is moot.

## CONCLUSION

For the reasons stated above, McCluskey's motion to amend the complaint (Docs. No. 15 & 18) and Defendants' motion to dismiss (Doc. No. 12) are terminated.  The proposed amended pleading attached to McCluskey's motion (Doc. No. 15-2) is deemed to be the amended complaint and the operative pleading in this case.

If Defendants wish to amend their motion to address the new seventh cause of action contained in the amended complaint, Defendants shall file a pre-motion conference request explaining what arguments they wish to add.  If Defendants do not wish to amend their motion, they may re-file the fully briefed motion to dismiss.  Defendants shall take one of these two actions within 30 days of the date of this memorandum and order.

Defendants are directed to file their opposition to McCluskey's motion for a preliminary injunction on or before October 16, 2020.  The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to the pro se plaintiff.

SO ORDERED.

Dated: Brooklyn, New York
       September 30, 2020

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge